UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ALEKSANDRA TOCZEK,
    *Plaintiff*,

v.

HON. BETHANY J. ALVORD *et al.*,
    *Defendants*.

No. 3:19-cv-01776 (JAM)

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION
## AND TEMPORARY RESTRAINING ORDER

Plaintiff Aleksandra Toczek has sued numerous state court judges arising from state court foreclosure proceedings. Doc. #1. She alleges that the judges have violated her rights by limiting her right to seek appellate stays in ongoing foreclosure proceedings and by limiting her rights to seek appellate relief from the denials of stays.

Toczek has now filed parallel motions for a temporary restraining order and preliminary injunction "to reinstate Plaintiff's future automatic stays in a pending foreclosure action and to bar the state court from further issuing any such orders terminating a stay in all cases involving Plaintiff, who is a Defendant in four pending foreclosure cases in the state court…" Docs. #7 at 1 and #8 at 1.

Both a temporary restraining order and a preliminary injunction are extraordinary equitable remedies for which a plaintiff bears the burden to show (1) irreparable harm, (2) a likelihood of success on the merits or a sufficiently serious question going to the merits and a balance of hardships tipping decidedly in the moving party's favor, and (3) the public interest weighing in favor of granting an injunction. *See, e.g., Metro. Taxicab Bd. of Trade v. City of New York*, 615 F.3d 152, 156 (2d Cir. 2010) (preliminary injunction); *HarperCollins Publishers*

*L.L.C. v. Gawker Media LLC*, 721 F. Supp. 2d 303, 305 (S.D.N.Y. 2010) (temporary restraining order).

Even if I assume that plaintiff has established irreparable harm, I conclude that plaintiff cannot show a likelihood of success or a sufficiently serious question going to the merits of her constitutional due process claims. Plaintiff has not identified any precedent holding that the Constitution requires state court judges to grant motions to stay foreclosure proceedings. Nor does she cite precedent to establish that a state court's rules that limit appeals from non-final judgments violate the Constitution.

Moreover, federal district judges do not have general authority to review the actions of state court judges, especially the discretionary actions of state court judges whether to grant a motion to stay. *See, e.g., Hussian v. U.S. Bank Nat'l Ass'n*, 2018 WL 2744725, at *2 (E.D.N.Y. 2018) (discussing principles weighing against federal court intervention in ongoing state court mortgage foreclosure proceedings). I further conclude that plaintiff has not shown that the public interest weighs in favor of my entering an order to restrain state court judges from following their rules of procedure. Accordingly, in light of all the relevant factors, I conclude that plaintiff has not made an adequate showing to entitle her to a temporary restraining order or to preliminary injunctive relief.

For the forgoing reasons, plaintiff's motions for a temporary restraining order, Doc. #7, and for a preliminary injunction, Doc. #8, are DENIED. It is so ordered.

Dated at New Haven this 19th day of November 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge