## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ALEKSANDRA TOCZEK,
    *Plaintiff*,

    v.

BETHANY J. ALVORD *et al.*,
    *Defendants*.

No. 3:19-cv-01776 (JAM)

### ORDER GRANTING MOTION TO DISMISS

The plaintiff in this lawsuit has sued a large number of Connecticut state court judges on the ground that they have denied the plaintiff her alleged constitutional right to a stay pending appeal of state foreclosure proceedings. I will grant the defendants' motion to dismiss on *Younger* abstention grounds.

#### BACKGROUND

Plaintiff Aleksandra Toczek has filed this action against numerous Connecticut state court judges arising from state court foreclosure proceedings. Doc. #1. She alleges that the judges have violated her constitutional right to due process by limiting her alleged right to the grant of stays pending appeal of her ongoing foreclosure proceedings. She also raises as-applied challenges to the constitutionality of two provisions of the Connecticut Practice Book that govern the granting of stays pending appeal. *See* Conn. Pract. Book 61-11e and 66-6. The complaint seeks solely injunctive and declaratory relief against the state court judge defendants.

On November 19, 2019, I denied Toczek's motion for a preliminary injunction and a temporary restraining order. Doc. #11. I ruled in part that "federal district judges do not have general authority to review the actions of state court judges, especially the discretionary actions of state court judges whether to grant a motion to stay." Doc. #11 at 2. Toczek promptly filed an

1

interlocutory appeal from my order. Doc. #16.

On January 6, 2021, the Second Circuit affirmed my order. *See Toczek v. Alvord*, ---F. App'x---, 2021 WL 48153 (2d Cir. 2021). The Second Circuit ruled that "the district court's order should be affirmed based on the *Younger* abstention doctrine." *Id.* at *1 (citing *Younger v. Harris*, 401 U.S. 37 (1971)). As the Second Circuit explained, "the *Younger* abstention doctrine ... provides that 'federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings.'" *Ibid.* (quoting *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003)).

The Second Circuit went on to explain that the *Younger* abstention doctrine applies to this case because "Toczek's federal lawsuit implicates the Connecticut Superior Court's right to terminate automatic stays in her foreclosure proceedings, Conn. Practice Book § 61-11(d), and the Connecticut Appellate Court's right to review such a ruling, *id.* § 66-6." *Id.* at *2. Noting that Toczek's claims arose in the context of her pending state foreclosure proceedings for which the Connecticut courts had lifted an automatic stay of foreclosure pending appeal, the Second Circuit stated that "Toczek asked the district court, and now asks this Court, to vacate these related state court rulings and mandate that the Connecticut state courts refrain from issuing any other similar orders regarding the automatic stays." *Ibid.* But because "these orders relating to Toczek's foreclosure are uniquely in furtherance of the state courts' ability to perform their judicial functions and implicate a state's interest in enforcing the orders and judgments of its courts," the Second Circuit ruled that "abstention is required." *Ibid.* (internal citation and quotations omitted).

The Second Circuit rejected Toczek's argument that state procedures for review of Toczek's constitutional claims were not adequate: "Contrary to Toczek's contention, opportunity

for review in the state courts was afforded to her despite the unavailability of immediate review by the Connecticut Supreme Court of the non-final order in connection with a discretionary denial of a motion to stay." *Ibid.* "Accordingly, abstention is required, and the district court did not err in denying Toczek's motion for a preliminary injunction." *Ibid.*

While Toczek's appeal from the denial of the preliminary injunction was pending, the defendants moved to dismiss Toczek's claims in part on the ground of *Younger* abstention. Doc. #22. Toczek filed an objection to the motion to dismiss. Doc. #29. I deferred consideration of the motion to dismiss until the outcome of Toczek's interlocutory appeal.

## DISCUSSION

For purposes of evaluating the defendants' motion to dismiss, the Court must liberally construe a *pro se* complaint and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g.*, *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive a motion to dismiss if its factual allegations do not establish at least plausible grounds for the Court to enter a grant of relief. *See, e.g., Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

The Second Circuit's prior ruling on Toczek's interlocutory appeal requires me now to grant the defendants' motion to dismiss on the ground of *Younger* abstention. Although the Second Circuit's ruling arose in the context of an interlocutory appeal from my denial of preliminary relief, the Second Circuit's reasoning with respect to its application of *Younger* abstention principles is equally applicable to the validity of Toczek's entire complaint which seeks declaratory and injunctive relief in her favor with respect to ongoing state court foreclosure proceedings.[*]

---

[*] Although the parties have not updated the Court on the status of the state court foreclosure proceedings, if the underlying proceedings have terminated since the filing of their briefing, then this would mean that Toczek's

The whole purpose of *Younger* abstention is to limit the interference of federal courts with ongoing state court proceedings. If *Younger* abstention bars the entry of even a preliminary order of injunctive relief (as the Second Circuit has already ruled), it surely bars the entry of a permanent order of declaratory and injunctive relief as Toczek requests in her complaint. Therefore, I will grant the motion to dismiss without prejudice. *See Goings v. Sumner Cty. Dist. Attorney's Off.*, 571 F. App'x 634, 640 (10th Cir. 2014) (*Younger* abstention dismissal should be without prejudice).

### CONCLUSION

The defendants' motion to dismiss (Doc. #22) is GRANTED without prejudice. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 15th day of March 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

complaint challenging the denial of a stay would be subject to dismissal as moot. *See, e.g., Gustavia Home, LLC v. Rice*, 724 F. App'x 87, 88 (2d Cir. 2018) (noting that "appeal from the denial of [owner's] motion to stay the foreclosure sale is moot because the sale has already taken place").